IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | \* |
| | \* |
| vs. | |
| | \*   **CRIMINAL NO.: GJH18-105** |
| **WAYNE DEO RAMSARAN** | \* |
| *Defendant* | |
| | \* |

## SENTENCING MEMORANDUM

Wayne Ramsaran is a 45-year-old single man who pled guilty before the Court to the charge of Conspiracy to Manage a Drug Involved Premises pursuant to 21 U.S.C. § 856(a)(2). Mr. Ramsaran inherited a condominium in which he allowed individuals to use in order to take and sell a variety of controlled substances. Mr. Ramsaran has fully admitted his guilt and accepted responsibility for his conduct. In addition, he provided cooperation to the Government. However, the Government has not committed at this time to make a motion pursuant to U.S.S.G. § 5k1.1. We believe there is more information than is revealed in the pre-sentence report that the Court should be aware of to give the Court a full and fair understanding of Mr. Ramsaran's circumstances.

**I.**

## PERSONAL BACKGROUND

Wayne Ramsaran was born on January 29, 1974 in Trinidad and Tobago and was naturalized as a United States citizen in 2001. His parents were Samial and Chandra Ramsaran, both deceased They were married and had one other child, Marsha. Mr. Ramsaran's father died while this case was pending and the defendant was in pretrial detention and therefore unable to attend the funeral. His mother died in 2015 of heart failure. She had owned and was living in the residence that is the focal point of this case. Mr. Ramsaran has a very close relationship with his mother and it was after her death that his drug use worsened to the point that he became involved with the other individuals involved in this case.

Mr. Ramsaran's childhood was relatively normal although the family economic situation was always poor. Both of his parents worked to make ends meet. There were no issues of alcohol abuse in the home or neglect.

Mr. Ramsaran, though divorced, had no children with his wife. He has one daughter, Ava, whose mother is Traci Wolfe. Although their romantic relationship has ended, they remain in cordial contact because of their child.

The defendant is a graduate of High Point High School in Beltsville, Maryland.  He has maintained a good work history after high school as a car salesman at Darcars and later Tate Dodge.

## II.

## INVOLVEMENT IN THIS CASE

Mr. Ramsaran's involvement in this case began when his mother died in 2015. At that time, he inherited her condominium in Beltsville. He had begun a relationship with Crystal Smith although he had a child and was living with Traci Wolfe. He used the condominium to meet Crystal and ingest heroin. He then began renting rooms to Mr. Hart and Mr. Keys who located their drug operations there. Mr. Ramsaran regularly went to the condo to collect rent. Mr. Ramsaran also allowed quite a few other people use the condo to use drugs to the extent that neighbors complained about the foot traffic and noise there. Mr. Hart and Keys also operated a sex trafficking business there which also generated complaints. In 2017 a state search warrant was executed there. However, Mr. Ramsaran was not charged in state court.

## III.
## DEFENDANT'S CRIMINAL HISTORY

The Defendant's criminal history places his at a category II. His only conviction is for Driving a Vehicle while Impaired By Drugs. While that

offense carries only one point, this case occurred while under supervision for the above traffic case, increasing his criminal history to three points.

## IV.
## DEPARTURE FOR COOPERATION
## U.S.S.G §5K1.1

The Defendant agreed to cooperate as soon as was practicable after he was charged in this case. He has always maintained that he was wrong in his conduct and that he was responsible for his actions. He has also agreed to provide whatever assistance the Government has requested of him. In this case that not only included being debriefed by the Government, but ultimately trial preparation.

Toward that end Mr. Ramsaran has completed a full proffer with several agents of the U.S. Government as well as the Assistant United States Attorney. During trial preparation the Government decided that they were not going to use Mr. Ramsaran. They became doubtful regarding his admitting knowledge that he was aware that individuals were using his condominium for prostitution. He had always feely admitted that Keys and hart had used the condo to sell drugs. Defense counsel and the Government do not agree on this point and the Government has not committed one way or the other as to whether they will make a motion under 5K1.1. The

disagreement comes over the fact that the Government believes that Mr. Ramsaran knows more than he admitted in trial preparation about the prostitution aspect in the case. However, counsel would argue to the court at sentencing that Mr. Ramsaran held up his end of the bargain, was truthful and therefore deserves a break for his cooperation which could be accomplished by giving Mr. Ramsaran a variant sentence.

## V.
## 18 U.S.C § 3553 ANALYSIS

In examining the relevant factors under 18 U.S.C. § 3553 the Defendant requests that the Court consider the following. This was truly an aberrant act on Wayne Ramsaran's part. Nothing in his personal background would have predicted that he would become a part of a drug conspiracy. He was described in the PSR as a quiet kid who enjoyed playing chess. Whatever personal demons he had that resulted in his drug use, it spiraled out of control with his mother's death. However, several things should be pointed out in Mr. Ramsaran's favor. He is an intelligent man who had a successful 18-year career as a car salesman prior to this case. He has had a good work history and wants to provide for his daughter.

It should be noted that the guideline range in this case is 51-63 months. He has been incarcerated since May 2018. Initially, he had been

ordered released on conditions to Pretrial. One of those conditions was to have no contact with the co-defendant, Crystal Smith. However, he was overheard by the U.S. Marshals professing to Ms. Smith his love for her. This was reported back to Judge Sullivan who then revoked his release before Mr. Ramsaran ever got out of the courthouse. Because of this, he has now served 29 months of whatever sentence the court gives him. Coupled with the good time credit he is likely to receive, a 51-month sentence at this point would leave him with less than two years to serve.

      The defense position is that due to his cooperation, his lack of a substantial record and his overwhelmingly serious drug problem which resulted in his criminal behavior, that the Court should consider a variance in this case. Instead of continued incarceration, the Court should consider a time served sentence with the most stringent drug counseling possible outside of prison. Mr. Ramsaran has now been drug-free for over two years, so he has a record of sobriety. Drug treatment, outside of prison, will give him the tools needed to be a successful citizen again. Considering the episodic nature of his drug use, coming on the heels of his mother's death, it is unlikely he will be back in court again.

## VI.
## CONCLUSION

The Defendant respectfully requests that the Court consider a sufficient variance, due to all of the above factors that would enable him to receive a sentence of the time served or close to the time served as the Court deems possible. It should also be noted that as further punishment he has agreed to the forfeiture of the condo that was involved in this matter, which is his only significant asset. A sentence of further incarceration, as called for by the sentencing guidelines, is unwarranted in light of the nature and extent of his involvement, his addiction problem and cooperation in this case. He is very anxious to return to his family, see his daughter and further make amends for his behavior.

Respectfully Submitted,

LAW OFFICES OF MARC G. HALL

/s/
Marc G. Hall, Esquire
7474 Greenway Center Drive
Suite 150
Greenbelt, MD 20770

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that on this 15th day of October 2020, a copy of the foregoing Sentencing Memorandum was filed via ECF and a copy e-mailed to Office of the United States Attorney, U.S. Courthouse, 6500 Cherrywood Lane, Greenbelt, MD 20770.

/s/
Marc G. Hall, Esquire